IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID CASTEEL, | § | |
| | § | No. 555, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1503000825 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 10, 2015
Decided: January 8, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

## ORDER

This 8th day of January 2016, it appears to the Court that:

(1)    This appeal is from the appellant's conviction and sentencing on September 10, 2015 on a violation of probation. The appellant, David Casteel, filed the notice of appeal on October 13, 2015. The appeal is one day late. Under Supreme Court Rule 6, the notice of appeal was due to be filed on or before October 12, 2015.[1]

(2)    On November 6, 2015, the Clerk issued a notice under Supreme Court Rule 29(b), directing Casteel to show cause why the appeal should not

---

[1] *See* Del. Supr. Ct. R. 6(a)(iii) (providing that a notice of appeal must be filed within thirty days of sentencing).

be dismissed as untimely filed. Casteel has filed a response asking the Court to accept the appeal as timely filed. Casteel explains that his delay in filing the notice of appeal was due to the law library being closed. Also, Casteel explains that he had difficulty filling out the notice of appeal form and that he has health issues.

(3) "Time is a jurisdictional requirement."[2] The jurisdictional defect created by the untimely filing of an appeal cannot be excused unless the appellant can demonstrate that the delay in filing the appeal is attributable to court-related personnel.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the Court's jurisdictional requirements.[4]

(4) Casteel does not contend, and the record does not reflect, that his failure to timely file the notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED under Supreme Court Rule

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *McMillan v. State*, 2013 WL 5974110 (Del. Nov. 7, 2013) (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979)).

[4] *Alcock v. Residence Inn by Marriott, Inc.*, 2012 WL 2870217 (Del. July 12, 2012) (citing *Carr v. State*, 554 A.2d 778, 779 (Del. 1989)).

2

29(b), that the appeal is DISMISSED.

BY THE COURT:

_____
Justice